Dissenting Opinion.
Manning, C. J.'
In my opinion the judgment became final upon its ■rendition. By the Code of Practice, as it was before 1857, dll judgments of this court became final after three judicial days, art. 911. In that *164 year, this article was amended by excepting from this rule nine designated parishes, of which Ouachita is not one, and in those, appeals-were not to become final until the lapse of six days. Sess. Acts 1857, p. 184.
Inthe following year, it was enacted that all judgments of this court, rendered at New Orleans, should become final only after the lapse of six days. Sess. Acts 1858, p. 65. By the law as thus amended, appeals decided at New Orleans became final after six days, and those decided elsewhere after three days. But in the revisáis of 1870, art-911 provided for appeals decided here, giving six days before they became final and wholly omitted any provision for appeals at the country terms. This omission is so pointed, considering the amendatory acts-of 1857 and 1858, that it must have been designed. And that it was an omission of significance and authority, and was so considered, is apparent from the fact that the legislature at its recent session amended art-911 of the Code of Practice by providing that appeals rendered by this court “at other points where the court may be holden” beside New Orleans, shall be final only after three judicial days from rendering them. This Act was promulgated only two days ago. Official Journal of Feb. 8. Sess. Acts 1879, p. 33.
The judgments of this Court are final when they are pronounced unless the law otherwise specially orders. The Revised Code of Practice provided that appeals decided here should not become final until after six days, and made no provision for any delay as to judgments-upon any other appeals. Therefore this appeal, decided at Ouachitalast year, was final without any delay.